UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DUSTIN B. DELPORTE,

Plaintiff,

v.

CAUSE NO.: 1:20-CV-22-HAB-SLC

NATHANIEL HERNDON, et al.,

Defendants.

OPINION AND ORDER

Dustin D. Delporte, proceeding pro se, filed a complaint and a motion for leave to proceed in forma pauperis. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2), the court may dismiss the case if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Delporte asserts claims based on allegations that, on August 14, 2019, police officers arrested him on his property, detained him, and searched his property. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*,

327 F.3d 588, 594 (7th Cir. 2003). Because he does not describe how any of the named defendants were personally involved in the arrest or searches, he cannot proceed on these allegations. Delporte further alleges that Officer Crouse and Deputy Lefever seized his cellphone and used the contents against him in a criminal proceeding. However, these allegations are consistent with lawful behavior and, without more, do not suggest that these defendants violated Delporte's constitutional rights.

Delporte alleges that drug paraphernalia was also planted to incriminate him but again does not describe how the defendants were personally involved. Further, federal claims of malicious prosecution are rarely appropriate because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). "[T]o state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014). Because Delporte does not explain the defendants' personal involvement or how the alleged plant violated his constitutional rights, he may not proceed on these allegations.

Finally, Delporte alleges that Officer Kochanek investigated Delporte without reading him the *Miranda* warning and used his words against him at sentencing. The requirement that the government provide those in custody with a *Miranda* warning is a safeguard to protect the Fifth Amendment right against compelled self-incrimination

rather than a constitutional right in and of itself. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). "[T]he Fifth Amendment proscribes only self-incrimination obtained by a genuine compulsion of testimony." *United States v. Washington*, 431 U.S. 181, 187 (1977). These allegations do not suggest that Officer Kochanek compelled Delporte to make incriminating admissions and thus do not state a claim upon which relief may be granted.

Nevertheless, the court will give Delporte the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, he should only file an amended complaint if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Dustin B. Delporte until April 13, 2020, to file an amended complaint; and

(2) CAUTIONS Dustin B. Delporte that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on March 12, 2020.

       s/ Holly A. Brady
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT